IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


JAMES BERNARD CAMPBELL,

    Plaintiff,

v.                                                         CASE NO. 5:11-cv-82-RS-GRJ

MR. ELLIS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff James Bernard Campbell, Florida Department of Corrections inmate number 804965, initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper (Docs. 1 and 2). The complaint stems from incidents that occurred while Plaintiff was incarcerated at Gulf Correctional Institution in Wewahitchka, Florida. All of the named defendants are corrections officers or prison officials at Gulf CI. Plaintiff alleges that the defendants retaliated against him for filing grievances by issuing false disciplinary reports, destroying or confiscating his property, and depriving him of personal hygiene items. Plaintiff alleges that the defendants verbally threatened to spray him with chemical spray. Plaintiff is presently confined at Santa Rosa CI, in Milton, Florida. Plaintiff concedes that he failed to exhaust administrative remedies regarding his claims. Plaintiff further concedes that he has accumulated "three strikes" pursuant to the Prison Litigation Reform Act's three-strikes provision, 28 U.S.C § 1915(g).

A review of Plaintiff's previous federal cases confirms that he is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1]  Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

According to the Eleventh Circuit, the relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).   General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  The Plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient.  *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception.  *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*,

---

[1] *See, e.g., Campbell v. Crosby*, Case No. 3:05-cv-669 (M.D. Fla. 8/23/05) (imposing three-strikes bar and citing previous strikes incurred by Plaintiff).  The Court has independently confirmed Plaintiff's strikes.

279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff asserts that his life is now in imminent danger due to alleged "death threats to murder" him with chemical spray in retaliation for committing the murder for which he was convicted and for filing grievances while in prison. Plaintiff alleges that chemical spray could kill him because he has asthma. Plaintiff also alleges that he faces the threat of being "subjected to cruel and unusual punishment of physical pain and mental anguish without legal justification." Doc. 1 at 11.

Based upon a review of the complaint as a whole, the Court is not persuaded that Plaintiff is in imminent danger of serious physical injury. Even if the Court accepts as true Plaintiff's allegation that officers at Gulf CI threatened to harm him with chemical spray, he is no longer incarcerated at Gulf CI and therefore any risk of serious physical injury posed by the alleged conduct of defendants no longer exists. The fact that Plaintiff may have faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception of the three-strikes bar. *See Medberry,* 185 F.3d at 1193. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do

so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Accordingly, in light of the foregoing, it is respectfully **RECOMMENDED**:

1. That pursuant to 28 U.S.C § 1915(g), this case be **DISMISSED WITHOUT PREJUDICE**.

2. That all pending motions be **DENIED as moot.**

**IN CHAMBERS** this 12th day of April 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**